IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| In re: *Wolverine Outdoors, Inc. v. Marker Volkl (International) GmbH, TTAB Oppostiion* No. 91161363, in the United State Patent and Trademark Office Before the Trademark Trial and Appeal Board | Civil Action No. 6:10-mc-00151-BHH<br><br>**O R D E R** |

This matter is before the Court on an Application for Issuance of Subpoena. [Doc 1.] Marker Volkl (International) GMBH, hereinafter the "Applicant," is a party to a trademark opposition proceeding currently pending before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, *Wolverine Outdoors, Inc. v. Marker Volkl (International) GmbH, TTAB Oppostiion* No. 91161363. In that proceeding, Wolverine Outdoors is challenging, or opposing, the Applicant's ability to register a certain trademark, which Wolverine contends is confusingly similar to one of its own. The Applicant would like to subpoena, from a third-party, Oobe, Inc., deposition testimony and documents.

Applicant emphasizes that while the TTAB has no inherent power to coerce the production of documents and testimony from third parties, *but cf. Frilette v. Kimberlin,* 358 F. Supp. 493, 496-98 (D.C. Del. 1973) (describing limited discovery available between parties of opposition proceeding), 35 U.S.C. § 24 authorizes the clerk of court of any United States District Court for the district in which the testimony is to be taken to issue subpoena's for relevant witnesses, so long as they reside in that district, see *Natta v. Hogan*, 392 F.2d 686, 690 (10th Cir. 1968). The relevant portion of Section 24 reads as follows:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the

> production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. § 24.

The first sentence of Section 24 authorizes the initiation of ancillary court proceedings by the issuance of a subpoena. *See Natta*, 92 F.2d at 690. The second sentence extends the application of the federal civil rules to Patent Office proceedings. *Id*. Importantly, the power of the federal courts to enforce the Applicant's right in the discovery mechanism is not dependent on any particular formalism of procedure. *Id*. Rather, whether the subpoenas should issue is a matter within the Court's reasonable discretion. *See id.; Montecatini Edison S. p. A. v. E. I. du Pont de Nemours & Co.*, 434 F.2d 70, 72 (3rd Cir. 1970).

The Applicant has represented that the subpoena is necessary to defend itself against Wolverine's opposition by demonstrating that Wolverine cannot claim prior rights on all of the goods identified in its registrations. [Doc. 1 at 2.] Specifically, the Applicant seeks to depose a represntative of Oobe, Inc., regarding an agreement it had with Wolverine to produce apparel bearing one of the logo images at issue. *Id*. at 2-3. This evidence is relevant to the scope of rights Wolverine has claimed for its trademarked images.

The Applicant represents that Oobe, Inc., is headquartered or otherwise resides within this District at 511 Rhett St., Suite 3, Greenville, SC. For all these reasons, the Court believes the subpoena should issue. The discovery sought, by all accounts, appears relevant and not overly burdensome.

## **CONCLUSION**

Wherefore, it is ORDERED that the Applicant's application for issuance of subpoena is GRANTED. [Doc. 1.] The clerk of court's office shall issue the subpoena forthwith, signed, but otherwise in blank. See Fed. R. Civ. P. 45(a)(3). Execution of the subpoena should be reasonable, in time and notice, and should not exceed the boundaries of the discovery as it was requested.

IT IS SO ORDERED.

s/Bruce H. Hendricks
United States Magistrate Judge

December 9, 2010
Greenville, South Carolina